# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 00-CR-033-TCK** |
| | ) | **03-CV-687-TCK-SAJ** |
| **JOHN THOMAS FISHER, SR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court is defendant John Thomas Fisher's pro se motion seeking to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255  (Dkt. # 54).

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,  may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (a).

## Background

On March 10, 2000, Fisher was initially charged in a three-count indictment (Dkt. # 1), which was superseded on August 8, 2000 (Dkt. # 7). On September 12, 2000, a five-count second superseding indictment was filed setting forth the original charges and adding additional offenses. (Dkt. # 23).  In the second superseding indictment, Fisher was charged as follows: in count one, possession of firearms and ammunition after former conviction of a felony in violation of 18 U.S.C. § 922(g)(1)[1]; in count two, possession of a firearm during and in relation to a drug trafficking crime

---

[1]  Fisher was charged with knowingly possessing the following firearms:  a Lorcin, Model 25, .25 caliber, semi-automatic pistol; a Remington, Model 700, .223 caliber bolt action rifle; a

in violation of 18 U.S.C. § 924(c)(1); in count three, possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1); in count four, possession of lysergic acid diethylamide (LSD) in violation of 21 U.S.C. § 844(a); and in count five, possession of marijuana in violation of 21 U.S.C. § 844(a).  Pursuant to 21 U.S.C. § 851(a)(1), the government also filed notice of a sentencing enhancement based on Fisher's prior felony convictions.[2]  (Dkt. # 25).

At his initial arraignment on July 28, 2000, Cindy Cunningham, a Federal Public Defender, was appointed to represent Fisher  (Dkt. # 3).  At Fisher's request, on August 14, 2000, Jimmy Lance Hopkins, a member of the Criminal Justice Act ("CJA") panel, was appointed to replace Cunningham based on Fisher's claim he had a conflict with Ms. Cunningham  (Dkt. ## 9, 13).

There were two principle controversies handled at the trial level after the initial  indictment was filed against Fisher in this case.  First, Fisher contested the validity of his pretrial detention claiming that from March 10, 2000, until July 28, 2000, he was in federal custody and that the government's delay in bringing him before a federal magistrate for arraignment violated his constitutional rights and the Speedy Trial Act, 18 U.S.C. § 3161.  Prior to his arraignment and appointment of counsel, Fisher filed a pro se pretrial writ of habeas corpus, which was assigned as a civil case separate from Fisher's criminal case.  See Fisher v. U.S. Marshal Service, Case No. 00-CV-399-TCK-FHM (N.D. Okla. 2001).  The civil court noted the evidence showed that state felony

---

Remington, Model 11-48, 20 gauge, semi-automatic shotgun; a Marlin, Model 783, .22 caliber, bolt action rifle; and an Intratrec, .22 caliber, semi-automatic pistol; and with the following ammunition: three live rounds of Remington .223 caliber ammunition; three live rounds of Remington and one live round of Winchester, 20 gauge ammunition; fourteen live rounds of CCI, .22 caliber ammunition; and eight live rounds of Remington .22 caliber ammunition.

[2] Fisher's prior felony convictions included: conspiracy to distribute cocaine, on April 25, 1984, in the United States District Court for the Northern District of Illinois; and escape, on May 23, 1988, in the United States District Court for the Northern District of Illinois (Dkt. # 25).

charges were pending against Fisher when his federal indictment was issued on March 10, 2000, and that Fisher's state charges were not dismissed until July 20, 2000. Id. (Dkt. # 9 at 1-2). Fisher was taken into federal custody after his release from the state on July 28, 2000, and he appeared before a federal magistrate on that same date (Dkt. # 3). The civil court did not rule on the merits of Fisher's habeas petition. It determined that Fisher's petition was rendered moot because he was convicted on all counts and Judgment was entered prior to the civil court issuing its final order. Id. (Dkt. # 9 at 3). On appeal from his conviction, Fisher raised the issue that he was in federal custody during those four months, arguing that his delayed detention violated Fed. R. Crim. P. 5(a) (Dkt. # 51). See United States v. Fisher, 33 Fed. Appx. 933 (10th Cir. 2002) (unpublished). The Tenth Circuit reviewed Fisher's claim under the plain error standard and denied it on the merits. Id. at 17.

A second controversy addressed by the trial judge was the validity of the search warrant which resulted in the indictment being issued in this case. Prior to trial, Fisher moved to suppress the items seized by the Tulsa Police, from the search of his house at 2607 West 37th Street arguing that the affidavit supporting the warrant failed to establish probable cause that illegal activity would be discovered in the house (Dkt. # 14). Fisher challenged the reliability of the confidential informant and the sufficiency of evidence to corroborate the informant's credibility (Dkt. # 14 at 2). The motion was denied by the trial judge (Dkt. # 19). Fisher raised this issue on direct appeal. It was reviewed and denied on the merits by the Tenth Circuit. United States v. Fisher, 33 Fed. Appx. at 938.

Fisher's case was tried before a jury on September 18 through 20, 2000. The jury rendered its verdict, finding Fisher guilty on each of the five counts (Dkt. # 34). The trial court sentenced Fisher to 330 months imprisonment, followed by a term of six years of supervised release and a

$5,000 fine (Dkt. # 42).  On April 10, 2002,  Fisher's conviction and sentence were affirmed by the

Tenth Circuit.[3]  United States v. Fisher, 33 Fed. Appx. at 941.  On October 7, 2002, his  petition for

writ of certiorari was denied by the Supreme Court (Dkt. # 53).  See Fisher v. United States, 537

U.S. 847 (2002).  On October 6, 2003 Fisher timely filed his § 2255 motion.  The Court finds that

this is Fisher's first § 2255 motion and the Court has jurisdiction to determine the merits.

**Issues Raised**

In his § 2255 motion, Fisher raises the following issues:

1.   Whether counsel Hopkins was constitutionally ineffective in failing to challenge at
     sentencing that the government had not proven the controlled substance charged in
     counts two and three was a Schedule II methamphetamine, when the evidence
     actually proved that the substance was a Schedule III methamphetamine (Dkt. # 54
     at 22).

2.   Whether counsel Hopkins was constitutionally ineffective in failing to investigate
     and litigate the civil court holding that Fisher's habeas corpus petition challenging
     his pretrial detention was rendered moot upon his conviction.  Fisher contends
     counsel's failure to litigate this issue violated his rights under the due process clause
     and the Speedy Trial Act (Dkt. # 54 at 27).

3.   Whether counsel Hopkins was constitutionally ineffective in his motion to suppress
     and at the suppression hearing in failing to investigate and  challenge the veracity,
     integrity and validity of the affidavit supporting the search warrant  (Dkt. # 54 at 31).

4.   Whether counsel Hopkins was constitutionally ineffective in failing to present
     available and known evidence that Fisher did not have dominion or control over the
     residence searched by Tulsa Police Officers (Dkt. # 54 at 36).

5.   Whether the prosecutor misrepresented facts in her response to Fisher's pre-trial
     habeas corpus petition (Dkt. # 54 at 40).

---

[3]   On appeal Fisher argued: (1) the trial court erred in denying his motion to suppress the
evidence discovered during the search of his house; (2) the evidence was insufficient to support his
conviction for possession of methamphetamine and possession of a firearm during a drug trafficking
crime; and (3) the government violated Rule 5(a) by failing to provide him with a hearing before a
federal magistrate until four months after he was arrested.  Id. at 936.

6.      Whether the trial court abused its discretion in allowing the trial to proceed in violation of Fisher's constitutional rights to be timely brought before a federal magistrate for arraignment following his arrest and detention (Dkt. # 54 at 41).

## Analysis

Regarding Fisher's claims of ineffective assistance of counsel, the Sixth Amendment requires that criminal defendants receive effective assistance at trial and during a direct appeal as of right. Romero v. Tansy, 46 F.3d 1024, 1029 (10th Cir. 1995) (citing Evitts v. Lucey, 469 U.S. 387, 396 (1985)). To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). A defendant can establish the first prong by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Review of counsel's performance must be highly deferential. Id. at 689.

To establish the second prong, a defendant must show prejudice resulting from counsel's performance. Strickland, 466 U.S. at 687. That is, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

As to his first issue, Fisher claims his counsel was ineffective in failing to require the government to prove by a preponderance of the evidence the type of methamphetamine involved in the offense charged in counts two and three. Fisher argues that counsel's failure resulted in a

5

substantially greater sentence because the sentence was based on D-methamphetamine, which is an "injectable liquid" Schedule II controlled substance, rather than L-methamphetamine, which is a "powder form" Schedule III controlled substance.  Defendant contends the evidence proved that those offenses involved L-methamphetamine.

The Court finds no merit to Fisher's claim because the distinction between methamphetamine types was eliminated as of November 1, 1995.  "We note that, 'as of November 1, 1995, this distinction between methamphetamine types has been eliminated, and L-methamphetamine is now treated the same as D-methamphetamine under the Guidelines.'"  United States v. Glover, 97 F.3d 1345, 1347 n.2 (10th Cir. 1996) (referencing U.S.S.G. App. C Amendment to Drug Equivalency Tables in Commentary to §2D1.1).  In United States v. Kinder, 946 F.2d 362 (5th Cir. 1991), the defendant argued that his sentence should have been based on methamphetamine as a Schedule III controlled substance because it was in powder form, not liquid form.  Id at 368.  The court stated that "[a]lthough the initial statutory scheme classified methamphetamine as a Schedule II substance only if in injectable liquid form, methamphetamine has since been reclassified as a Schedule II substance even if in powder form."  Id. (citing 21 C.F.R. § 1308.12(d) (1989)).  Therefore, Fisher cannot establish ineffective assistance of counsel because Fisher was sentenced on February 7, 2001, well after the distinction was eliminated.  Accordingly, Fisher's first issue is denied.

As to his second issue, Fisher contends that his counsel was constitutionally ineffective in failing to investigate and litigate the civil court holding that his habeas corpus petition challenging his pretrial detention was rendered moot upon his conviction.  Fisher contends that he reserved his Speedy Trial Act claim by asserting it prior to conviction, thereby allowing the issue to be

determined on the merits.  He claims counsel's failure to litigate this issue before the civil court violated his rights under the due process clause and the Speedy Trial Act.

First, the Court finds the underlying premise of Fisher's second claim is without merit. The record clearly establishes that Fisher was in state custody during the period from March 20, 2000, until July 28, 2000, and only then was he taken into federal custody.  See Fisher v. U.S. Marshall Service, Case No. 00-CV-399-M (N.D.OK. 2001) (Dkt. # 7, Ex. A-L).

Second, counsel did challenge the legality of Fisher's pretrial detention on the direct appeal of his criminal conviction.  See United States v. Fisher, 33 Fed. Appx. at 940. Counsel  challenged Fisher's pretrial detention under Rule 5(a) of the Federal Rules of Criminal Procedure, which is the federal rule applicable to "Appearance Upon Arrest."  On appeal, the Tenth Circuit opined that Fisher was not in federal custody during the subject four months and denied Fisher's claim on the merits.  Specifically the Circuit held, "[i]n light of the fact that Mr. Fisher was in state custody during the period from March 20 until July 27, we conclude that Mr. Fisher has failed to establish a violation of Fed. R. Crim. P. 5." Id. at 941.

Third, counsel was not ineffective in failing to litigate Fisher's claim that his pretrial detention violated his rights under the due process clause of the constitution and the Speedy Trial Act.  In Fisher's criminal case herein, the Speedy Trial Act did not begin to run until Fisher made his initial appearance in federal court on July 28, 2000. "The Act generally requires a federal criminal trial to begin within seventy days from the filing of an information or indictment, or from the date of the defendant's initial appearance, whichever occurs later."  United States v. Williams, 511 F.3d 1044, 1047 (10th Cir. 2007) (citing 18 U.S.C. § 3161(c)(1)).  In this instance, Fisher made his initial appearance on July 28, 2000, and his trial started 52 days later on September 18, 2000.

(Dkt. ## 3, 34).  Thus, the Court finds that counsel Hopkins was not constitutionally ineffective in failing to pursue a Speedy Trial Act claim in the civil court because Fisher's right under the Act did not begin to run in his criminal case until he made his initial appearance in federal court on July 28, 2000.  No violation had occurred, and accordingly, the Court denies Fisher's second issue.

In his third issue, Fisher contends counsel Hopkins was constitutionally ineffective in failing to investigate and challenge the veracity, integrity and validity of the affidavit supporting the search warrant.  Initially, Fisher contends the search warrant was void because the officers failed to comply with state procedural law to return the warrant within ten days to the judge who issued it (Dkt. # 54 at 31).  Next, Fisher contends the officers withheld the warrant for over nine months because the affidavit purportedly contained false information that the officers found evidence of drug trafficking in abandoned trash at the curb of his house.  (Dkt. # 54 at 31-32).  Further, Fisher claims counsel was ineffective in conceding that his motion to suppress raised strictly an issue of law as to the officer's good faith reliance on the legality of the search warrant rather than calling defense witnesses to dispute the factual validity of the affidavit. (Dkt. # 54 at 32).  Additionally, Fisher contends that the affidavit was so recklessly or dishonestly prepared that the officer could not lawfully rely on the  good faith exception set forth in United States v. Leon, 468 U.S. 897 (1984), to overcome his motion to suppress evidence. (Dkt. # 54 at 33).  Finally, Fisher contends that the execution of the search warrant should be construed under federal procedural law, Rule 41, to establish its invalidity for failure of the officer to timely return the warrant to the judge who issued it. (Dkt. # 54 at 35).      The Court shall address Fisher's arguments in turn.  Oklahoma procedural law governing the execution of a state search warrants is located at 22 Okla. Stat. tit. 22, § 1231, and provides, "[a] search warrant must be executed and returned to the magistrate by whom it is issued

8

within (10) days.  After the expiration of these times respectively, the warrant, unless executed is void." Oklahoma state courts, in construing this statute, hold that failure to timely return a search warrant is not enough to invalidate an otherwise valid warrant.  See, e.g., Gamble v. State of Oklahoma, 546 P.2d 1336, 1343 (Okla. Crim. App. 1976) ("We have previously addressed the question of execution and service of the warrant and need only say that failure to make a proper return of a search warrant is not enough to invalidate an otherwise valid search.").  Thus, the Court finds no merit in Fisher's initial  claim that his counsel was ineffective in failing to argue that the warrant was void under state law for failure to timely return it to the state judge.

Next, Fisher contends that in order to obtain the search warrant, the Tulsa Police Officers falsely claimed they found evidence of drug trafficking in his abandoned trash.  Similarly, he contends that  the supporting affidavit was so recklessly and dishonestly prepared that the officers could not lawfully rely on the good faith exception to the exclusionary rule.  Fisher claims attorney Hopkins was ineffective for failing to proffer this evidence.  These allegations are merely additional challenges to the sufficiency of the evidence to support issuance of the search warrant.  Counsel did, in fact, challenge the sufficiency of the affidavit before the trial judge and on appeal.[4]  Therefore, Fisher has not shown that counsel was constitutionally ineffective.  Moreover, Fisher offers no evidence that the officers falsified  information.  Fisher's statements are merely conclusory allegations, which are legally insufficient to support his claims.  "Conclusory allegations without

---

[4]  "In his appellate brief and at oral argument, Mr. Fisher has argued that the Tulsa police officers' investigation of the informant's allegations was inadequate because the items of trash that tested positive for methamphetamine were found abandoned at the curb on the south side of the residence.  Because it was found on the curb, Mr. Fisher maintains, the trash could have come from somewhere other than the 37th Street residence.  He suggests that it was unreasonable for the Tulsa police officers to rely on a warrant based on such insufficient corroboration."  United States v. Fisher, 33 Fed. App. at 937-938.

supporting factual averments are insufficient to state a claim." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Fisher also contends his counsel was ineffective in conceding that his motion to suppress raised strictly an issue of law as to the officers' good faith reliance on its validity rather than disputing its factual validity through witnesses' testimony. The Supreme Court instructs, "[i]f there is no bona fide defense to the charge, counsel cannot create one and may disserve the interests of his client by attempting a useless charade." United States v. Cronic, 466 U.S. 648, 657 n.19 (1984). Thus, the Court finds that counsel's conduct could be considered sound trial strategy and that Fisher has failed to offer any witnesses who could have successfully challenged the validity of the affidavit.

Further, Fisher has failed to establish prejudice. The sufficiency of the affidavit was challenged by counsel on appeal. In affirming the trial court, the Tenth Circuit determined that there was no need to review whether the affidavit established probable cause. The court stated, "[a]s the district court observed, even if the warrant has been issued without probable cause, evidence obtained during a search still should not be suppressed if the officers executing the warrant acted in good faith." United States v. Fisher, 33 Fed. Appx. at 936. Without the necessary showing of prejudice, Fisher cannot meet the second prong of the Strickland test. See United States v. Walters, 163 Fed.Appx. 674, 683 (10th Cir. 2006) (unpublished)[5] and United States v. Larsen, 175 Fed.Appx. 236, 240 (10th Cir. 2006) (unpublished).

Fisher also claims his counsel was ineffective in failing to challenge the validity of the search warrant under Rule 41, which requires officers executing a warrant to promptly return it to the judge

---

[5] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1:10th Cir. R. 32.1

10

designated on the warrant.  <u>See</u> Fed. R. Crim. P. 41(f)(1)(D).  Fisher's contention is without merit because the search warrant was obtained and executed by state law enforcement officers.  The nonconstitutional guidelines provided by Rule 41 for the issuance and execution of a search warrant generally do not apply if "no federal agents participated in obtaining the warrant or in conducting the search."  <u>United States v. Gobey</u>, 12 F.3d 964, 967 (10th Cir. 1993).  There is no evidence that federal agents participated in the search of Fisher's home and therefore Rule 41 does not apply.

As to his fourth issue, Fisher claims his counsel was ineffective in failing to present evidence that he did not have dominion or control over the residence to connect him to possession of the firearms and illegal drugs.  Initially the Court observes that counsel addressed the issue of dominion and control of the subject house through cross examination of government's witnesses.  In summary, counsel established that: (1) Fisher's fingerprints were not found on the firearms and ammunition located in the house (Tr. Vol. I at 41); (2) his fingerprints were not located on the illegal drugs or any of the other items seized (Tr. Vol. I at 71, 102-103); (3) no home utility bills were discovered in Fisher's name (Tr. Vol I at 71, 159); (4) officers could not locate a key to the safe in the closet of the house (which contained firearms, illegal drugs and drug paraphernalia) (Tr. Vol. I at 82, 100); (5)  officers failed to justify how an address book containing Fisher's name was located in the safe (Tr. Vol. I at 96); and (6) Fisher's drivers license was issued out of the State of Michigan (Tr. Vol. II at 155).  Further, on direct examination, counsel established that the land records showed the house was owned by Billy and Michelle Garrison (Tr. Vol. II at 206).  On appeal, counsel argued that, in view of these concessions, the government had insufficient evidence that Fisher possessed the illegal drugs. In rejecting Fisher's arguments, the Tenth Circuit affirmed the verdict, holding that

the government sufficiently established that Fisher had "constructive possession of the methamphetamine in the 37th Street residence." Unites States v. Fisher, 33 Fed. Appx. at 939.

Fisher attaches several exhibits to support his claim that evidence was available and known to his attorney to refute the issue of his dominion and control over the house and possession of the firearm and drugs. First, Fisher offers his own declaration of facts to refute government's evidence. (Dkt. # 54, Appendix C). However, Fisher did not testify at trial, therefore his version of the facts was therefore unavailable to counsel. Fisher does not claim that his counsel prohibited him from testifying; consequently, counsel was not ineffective in failing to present Fisher's testimony.

Second, Fisher cites the trial transcript and argues that methamphetamine and firearms were located in proximity to other people present at the house during the search and that no illegal drugs were found on him. The Court finds no merit to Fisher's claim of ineffective counsel, because this evidence was presented at trial and thus any further evidence would have been cumulative testimony.

Third, Fisher claims the utility bills for the house were in the names of Latisha Stevens, Scott Marks and Billy Garrison. At trial, government witnesses admitted they did not find any utility bills in Fisher's name. (Tr. Vol. I at 71, 159). This evidence does not refute the jury's finding that Fisher had constructive control over the firearms and illegal drugs located in the house regardless of whose names were found on the utility bills. Thus, counsel was not ineffective in failing to offer the utility bills in evidence.

Fourth, Fisher attaches his voter registration card issued in the State of Michigan to dispute that his legal residence was in Tulsa. (Dkt. # 54, Appendix R). However, the registration card shows that it was issued in 1990, cancelled in 1998, and marked "moved." It also shows that Fisher last

12

voted in Michigan's elections in 1985. The indictment issued herein charged that Fisher possessed the drugs and firearms in Tulsa in 1999, which is after the date his voter registration card was cancelled. Accordingly his registration card was not relevant evidence and his counsel was not ineffective in failing to offer it into evidence.

Fifth, Fisher attaches the police officer's incident report regarding his arrest on June 29, 1999, to show that three other persons were also arrested for possession of illegal drugs during the search of the house. (Dkt. # 54, Appendix E). The fact that these three individuals were arrested for possession of illegal drugs was established at trial through the testimony of Corporal Dale Francetic with the Tulsa Police Department. (Tr. Vol. I at 75-76). Therefore counsel was not ineffective in failing to sponsor cumulative evidence.

Sixth, Fisher attaches a statement from a resident of Saugatuck, Michigan, who states that Fisher owned and operated a construction company in Michigan until 1998. (Dkt. # 54, Appendix S). Again, the fact that Fisher resided in Michigan in 1998 is not relevant evidence as to whether he possessed firearms and illegal drugs in Tulsa in 1999. Accordingly, counsel was not ineffective in failing to offer this testimony at trial.

Lastly, Fisher attaches a statement from Donna Sue Baker who was arrested at the house following the search. (Dkt. # 54, Appendix U). Ms. Baker states that she stopped by the residence to "find out when Fisher's motorcycle would be running" and that she observed Fisher doing construction and remodeling at the house. Ms. Baker's statement is not exonerating evidence, thus counsel was not ineffective in failing to offer this testimony at trial.

In addition, Fisher offers a list of "cumulative errors" that he claims his counsel committed which contributed to his conviction. Fisher summarily contends that his counsel was ineffective

13

because he attempted to discredit evidence through cross-examination of government witnesses instead of subpoenaing defense witnesses (Dkt. # 54 at 37); that counsel failed to object to government's cumulative evidence (Dkt. # 54 at 37); that counsel failed to request a lesser included offense instruction (Dkt. # 54 at 37); and that counsel failed to subject the prosecution's case to a meaningful adversarial testing making the adversary process presumptively unreliable. (Dkt. # 54 at 37). The Court finds that Fisher offers no evidentiary support for these allegations. He lists them in conclusory form which is insufficient to establish ineffective assistance of counsel. Hall v. Bellmon, 935 F.2d at 1110.

Fisher's fifth and sixth issues both relate to his claim that he was unlawfully detained in federal custody from March 10, 2000, until July 28, 2000. As his fifth issue, Fisher claims the prosecutor intentionally misrepresented facts in her response to Fisher's pro se pretrial petition for writ of habeas corpus. As his sixth issue, Fisher claims the trial judge abused his discretion by allowing the trial to proceed in violation of Fisher's constitutional right to be brought timely before a federal magistrate following his arrest and detention.

The Court finds Fisher could have, but did not, raise these issues on direct appeal. The government correctly states that a § 2255 motion is not available to test the legality of matters which should have been raised on direct appeal. See United States v. Walling, 982 F.2d 447, 448 (10th Cir. 1992). A failure to raise an issue on direct appeal thus acts as a bar to raising the issue in a § 2255 motion unless the defendant shows cause and actual prejudice or that a fundamental miscarriage of justice will result if his claim is not addressed. United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994).

14

The Court finds that Fisher can not show prejudice as a result of counsel not raising these issues on direct appeal.  As previously stated, counsel did argue on appeal that Fisher was in federal custody during those four months, but the appellate court found credible government's evidence that Fisher was in state custody following his arrest.  Further, the Court finds that Fisher has failed to established that a miscarriage of justice will occur if these claims are procedurally barred because Fisher does not claim that he is actually innocent of the crimes for which he was convicted. Therefore the Court finds that Fisher's fifth and sixth claims are procedurally barred.

## Conclusion

The Court finds that defendant Fisher has failed to show that the sentence imposed by the trial judge is unconstitutional requiring it to be vacated, set aside or corrected.  Section 2255 provides that the district court shall conduct a hearing unless the motion and records conclusively show that defendant is entitled to no relief.  In this case, the Court concludes that the record conclusively shows that defendant Fisher is entitled to no relief, and a hearing is unnecessary.

**ACCORDINGLY, IT IS HEREBY ORDERED** that defendant's motion to vacate, set aside, or correct sentence by a person in federal custody (Dkt. # 54) is **DENIED**.

DATED THIS 12th day of November, 2008

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE

15