IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 00-CR-33-TCK |
| ) | |
| JOHN THOMAS FISHER, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is the Government's Motion to Stay Litigation Pending Supreme Court's Decision in *Beckles v. United States* ("Motion to Stay") (Doc. 114).

**I.    Background**

On May 20, 2016, Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("2255 Motion") (Doc. 110). Defendant challenges his sentence based on the vagueness of the phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another," as used in the United States Sentencing Guidelines' ("Guidelines") definition of "crime of violence." U.S.S.G. § 4B1.2(a)(2) (1998 version). Like its statutory counterpart in the Armed Career Criminal Act ("ACCA"), this phrase is known as the "residual clause" of the Guidelines' definition of crime of violence.

Defendant's vagueness challenge is based upon *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015) (invalidating residual clause of ACCA as unconstitutionally vague), and *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015) (extending *Johnson*'s reasoning to residual clause in the Guidelines, where defendant raised challenge on direct appeal). Defendant argues that "Escape," which was one of Defendant's two qualifying convictions for purposes of application of

the career-offender enhancements, only qualifies as such if the residual clause in § 4B1.2(a) is given effect. Defendant further contends that he had no other convictions that would have qualified.

On June 27, 2016, the United States Supreme Court granted certiorari in *Beckles v. United States* to address three questions: (1) whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in United States Sentencing Guidelines § 4B1.2(a)(2); (2) whether *Johnson*'s constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review; and (3) whether mere possession of a sawed-off shotgun, an offense listed as a "crime of violence" only in commentary to U.S.S.G. § 4B1.2, remains a "crime of violence" after *Johnson*. *See* www.scotusblog.com/ case-files/cases/beckles-v-united-states.

On July 5, 2016, the Court ordered the United States to respond to the 2255 Motion. On July 19, 2016, the United States filed the Motion to Stay. As requested in the Motion to Stay, the Court struck the United States' response deadline pending the Court's ruling on the Motion to Stay. Defendant objected to the Motion to Stay, and no reply has been filed.

**II.     Motion to Stay**

In civil cases, the Tenth Circuit has ruled that "[w]hen applying for a stay, a party must demonstrate a clear case of hardship or inequity if even a fair possibility exists that the stay would damage another party." *Ben Ezra, Weinstein, & Co., Inc. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000). This rule vindicates the underlying principle that a party's right to proceed in court should not be denied except under the most extreme circumstances. *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). A criminal defendant's right to proceed on a § 2255 motion is equally if not more important than a civil

litigant's.  *See Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (explaining that "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy").  Accordingly, if the United States cannot satisfy the above-quoted standard applied in civil cases, it is certainly not entitled to a stay in this habeas proceeding.

In support of its motion, the United States argues:

> The Tenth Circuit has abated, over the defendant's objection, at least one appeal involving the application of Johnson to the guidelines pending the Supreme Court's decision in *Beckles*. *United States v. Rollins*, No. 15-1459 (10th Cir. July 5, 2015). Thus, even if this Court were to rule on the issue now, the losing party would be nearly certain to appeal, and that appeal would likely be stayed by the Tenth Circuit until Beckles is decided. In these circumstances, this Court should decline to devote the resources necessary to decide the difficult legal issues involved in the retroactivity analysis and in determining whether individual predicate offenses satisfy the guidelines "crime of violence" definition until Beckles is decided. A stay would permit this Court to conserve limited judicial resources, and concentrate those resources on the many other defendants seeking relief under *Johnson*.

(Mot. to Stay 3.)  The United States also argues that it may seek an upward variance upon re-sentencing Defendant, such that Defendant may not be subject to immediate release upon re-sentencing.  Defendant contends the United States has failed to show hardship and that he faces a serious risk of damage -- namely, unwarranted prison time -- if a stay is granted.  Defendant also notes that the Tenth Circuit denied the United States' request for abatement in a case similar to this where that defendant was likely subject to immediate release.  *See United States v. Evans*, No. 16-1171 (10th Cir. July 14, 2016).

The Motion to Stay is denied for three reasons.  First, there exists a fair possibility, and indeed a substantial possibility, that a stay would damage this Defendant by delaying his release from prison.  This Court rarely sentences above the maximum Guideline range, and the United

States has not specified any particular facts supporting a possible motion for upward variance upon Defendant's re-sentencing.

Second, the United States has failed to make any case of hardship or inequity, let alone a "clear case" of hardship or inequity. The U.S. attorneys and federal public defenders in this district are expending extreme effort to interpret *Johnson* and provide relief in ACCA cases to qualifying defendants in a fair and expeditious manner. *Madrid*'s application of *Johnson* to Guidelines cases further expanded this task, and a stay pending *Beckles* would allow attorneys to focus on ACCA cases. It would also save judicial resources, particularly if the Supreme Court holds that *Johnson* does not apply retroactively in Guidelines cases. However, saving of attorney time and judicial resources is not the sort of "hardship" that can outweigh a substantial risk of a criminal defendant overserving prison time. Therefore, the Court holds that Defendant's possible right to immediate release trumps any judicial economy or saving of resources that would be occasioned by a stay. *See United States v. Beane*, No. 08-CR-00260-PJH-1, 2016 WL 4045392, at *2 (N.D. Cal. July 28, 2016) (denying motion to stay pending *Beckles*) (reasoning that "staying these proceedings pending a decision by the Supreme Court on this threshold question could result in prejudicial delay to defendant"). What the Tenth Circuit does or does not do in the event of an appeal plays no role in the Court's balancing of equities.

Finally, there is no guarantee that *Beckles* will be a majority decision or that it will reach the questions presented here. Based on the Supreme Court briefs, there is at least some possibility the Court could decide the case on a more narrow basis and fail to reach the issues presented here. Further, the Supreme Court has not scheduled oral argument, and this Court has no indication of when *Beckles* will be decided.

For these reasons, the Court denies the Motion to Stay. The Court reserves ruling on the question of whether a stay would be appropriate in cases where a defendant's likely release date is after *Beckles* is likely to be decided. *See United States v. Rodriguez*, No. 13-20405, 2016 WL 4124096, at *1 (E.D. Mich. Aug. 3, 2016) (granting motion to stay where the defendant did not object and the "defendant would be unlikely to receive a sentence that would result in his release before mid-2017").

### III. Conclusion

The Motion to Stay (Doc. 114) is DENIED. The United States is ordered to file a response to Defendant's motion (Doc. 110) as soon as practicable but no later than September 2, 2016. A reply, if desired, shall be filed no later than September 9, 2016.

**SO ORDERED** this 22nd day of August, 2016.

*(signature)*
**TERENCE KERN**
**United States District Judge**