IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 00-CR-33-TCK |
| ) | |
| JOHN THOMAS FISHER, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("2255 Motion") (Doc. 110), which is a successive motion that was authorized by the Tenth Circuit (*see* Doc. 108). Defendant is represented by the Office of the Federal Public Defender of the Northern District of Oklahoma.

Defendant challenges his sentence based on the vagueness of the phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another," as used in the United States Sentencing Guidelines' ("Guidelines") definition of "crime of violence." U.S.S.G. § 4B1.2(a)(2) (1998 version). Like its statutory counterpart in the Armed Career Criminal Act ("ACCA"), this phrase is known as the "residual clause" of the Guidelines' definition of crime of violence.

Defendant's vagueness challenge is based upon *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015) (invalidating residual clause of ACCA as unconstitutionally vague), and *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015) (extending *Johnson*'s reasoning to residual clause in the Guidelines, where defendant raised challenge on direct appeal). Defendant argues that "escape," which was one of Defendant's two qualifying convictions for purposes of application of

the career-offender enhancements, only qualifies as such if the residual clause in § 4B1.2(a) is given effect. Defendant further contends that he had no other convictions that would have qualified.

On August 22, 2016, the Court denied the United States' Motion to Stay Litigation Pending Decision in *Beckles v. United States*, and ordered the United States to respond to the 2255 Motion on an expedited basis. Also on August 22, 2016, the Court issued an Opinion and Order in *United States v. Daugherty* holding that "*Johnson*'s invalidation of the residual clause in U.S.S.G. § 4B1.2(a)(2), as recognized by the Tenth Circuit in *Madrid*, is a new substantive rule in this circuit that applies retroactively to cases on collateral review." *United States v. Daugherty*, No. 07-CR-87-TCK, 2016 WL 4442801, at *5 (N.D. Okla. Aug. 22, 2016); *see also In re Hubbard*, --- F.3d ----, 2016 WL 3181417, at *7 (4th Cir. June 8, 2016) (granting request for authorization to file successive § 2255 motion) (holding that *Johnson*, as applied to the Guidelines, is a new substantive rule that applies retroactively to cases on collateral review).

On September 1, 2016, the United States filed its response brief in this case, making the same arguments regarding retroactivity rejected by this Court in *Daugherty*. The United States did not make any other substantive arguments, such as that Defendant had a sufficient number of other convictions to qualify for the enhancement notwithstanding the escape conviction. The United States opined that the new Guidelines range would be 197-216 months and conceded that, even at the high end of this range, Defendant "would likely qualify for a sentence of time served." (United States' Resp. in Opposition to Def.'s Successive § 2255 at 5 n.1.)

The following day, on September 2, 2016, Defendant filed a reply. Defendant contends that the correct Guidelines range is 183-198 months but also argues it is irrelevant because Defendant

has already served more than 216 months.  Defendant urges the Court to re-sentence him to time served.

For the same reasons explained in *Daugherty*, the Court holds that *Johnson*'s invalidation of the residual clause in U.S.S.G. § 4B1.2(a)(2), as recognized by the Tenth Circuit in *Madrid*, is a new substantive rule in this circuit that applies retroactively to cases on collateral review.  Under *Johnson* and *Madrid*, Defendant's career-offender enhancement under the Guidelines' residual clause is invalid.

Defendant's 2255 Motion (Doc. 110) is GRANTED.  The United States Probation Office is ordered to prepare a revised Presentence Investigation Report on an expedited basis.  The parties are ordered to file Sentencing Memorandums within two days of receipt of the revised report stating whether they request a sentencing hearing.  Re-sentencing is currently scheduled for Friday, September 16, 2016, at 3:30pm.  Defendant shall remain in custody until that time.

**SO ORDERED** this 6th day of September, 2016.

*/s/ Terence Kern*
**TERENCE KERN**
**United States District Judge**